UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE HOLT,<br><br>        Petitioner,<br><br>  vs.<br><br>Steven W. Ornoski, As Acting Warden of San Quentin State Prison,<br><br>        Respondent. | Case No. CIV. F-97-6210-AWI-P<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER TAKING CASE MANAGEMENT CONFERENCE OFF CALENDAR AND DIRECTING RESPONDENT TO FILE A RESPONSE<br><br>DATE:    December 19, 2005<br>TIME:    3:00 p.m.<br>COURTROOM THREE |

    On October 3, 2005, the Court filed an order (document 120) summarizing the proceedings at the September 26, 2005 Case Management Conference. The October 3, 2005 order directed the parties to address certain concerns pertinent to their preparation for the limited evidentiary hearing ordered on March 4 2004.[1] The Court continued the Case Management Conference to December 19, 2005 to permit adequate time for the parties to meet and confer and prepare their supplemental joint case management statement.

    The parties timely filed a joint case management statement on December 12, 2005 setting forth a proposed discovery plan and

---

[1] The October 3, 2005 order was the second occasion the Court directed the parties to respond to certain articulated concerns. The first occasion was in the Court's May 23, 2005 order (document 115) following the May 16, 2005 Case Management Conference.

97dp06210.OReCaseMgmtConf.Hlt.wpd        1

procedures for conducting the proposed evidentiary hearing. In addition, Holt responded to the concerns expressed in the October 3, 2005 order. Respondent Steven W. Ornoski, as Acting Warden of San Quentin State Prison (the "Warden") responded to none of the previously articulated concerns. By having the parties to address its concerns, the Court intended to facilitate the management of the anticipated evidentiary hearing. The Court is interested in obviating the need for the parties (particularly Holt) to offer evidence that is repetitive to evidence already part of the record.

The evidentiary hearing will involve four core issues: (1) the impartiality of Juror Billy Ross; (2) Holt's competence at the time of the trial; (3) Holt's mental state at the time of the offense; and (4) physical evidence of a completed rape. In previous joint case management statements, the parties have identified over 200 witnesses from whom they wish to elicit testimony. The parties additionally have envisioned an ambitious discovery schedule that includes conducting depositions to be submitted to the Court in lieu of live testimony. Because the record already is comprised of extensive evidence addressing the four issues that will be resolved at the evidentiary hearing, the Court is unwilling to permit redevelopment of duplicative (or cumulative) evidence without a showing of good cause.

In light of the Court's misgivings about permitting redevelopment of evidence already available, the Warden is directed to respond, within 30 days from filing of this order to the following issues:

1. With respect to Holt's allegations of mental incompetence to be tried and a mental state defense to the underlying offense, does the Warden claim Holt is malingering?

2. In the March 4, 2004 order granting a limited evidentiary hearing, the Court referred to numerous declarations and documentary evidence originally submitted by Holt to the California Supreme Court on state post-conviction proceedings. Does the Warden object to the admissibility of any of this evidence? If so, and bearing in mind the provisions if 28 U.S.C. § 2246, the Warden is directed to specify the document(s) and/or declaration(s) to which he objects, and state the legal basis for his objection(s).

3. Given the Court's order limiting evidence that will be received regarding the claim of juror partiality as to Billy Ross, why does the Warden intend to elicit testimony from Wyatt Ross or Ramona Ross?

4. Given the Court's order regarding physical evidence of a completed rape, why does the Warden intend to call an expert on sexual assault victims in addition to a gynecologist?

During the period the Warden is responding to these concerns, Holt is directed to suspend his investigation efforts, particularly the development of post-incarceration evidence and any other mental health evidence which duplicates declaratory and documentary evidence already part of the record.

IT IS SO ORDERED.

Date:   December 16, 2005

/s/ Anthony W. Ishii
Anthony W. Ishii
United States District Judge