UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE HOLT,<br><br>    Petitioner,<br><br>  vs.<br><br>Robert Wong, As Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. CV F-97-6210-AWI<br><br>DEATH PENALTY CASE<br><br>ORDER FOLLOWING HEARING ON CROSS MOTIONS FOR DISCOVERY AND ESTABLISHING PROCEDURE FOR PRE-EVIDENTIARY HEARING CASE MANAGEMENT CONFERENCE<br><br>DATE:    July 3, 2006<br>TIME:    1:30 p.m.<br>COURTROOM TWO |

    This matter came on for hearing on July 3, 2006 at 1:30 p.m. in Courtroom Two of the above-entitled court, the Honorable Anthony W. Ishii presiding. Petitioner John Lee Holt ("Holt") was represented by his appointed counsel Robert M. Myers and Assistant Federal Defender Jennifer M. Corey. Respondent Robert Wong, as Acting Warden of San Quentin State Prison (the "State") was represented by Deputy Attorney General Sean M. McCoy. The hearing was conducted to resolve the parties' respective motions for discovery. Discovery herein approved will inform the scheduling of a new pre-evidentiary hearing case management conference previously scheduled for July 20, 2006.

**I.   Cross Discovery Motions.**

    The vast majority of discovery requests were unopposed in the parties' written briefs or thereafter agreed to after the parties were

ordered to meet and confer in advance of the hearing. There was no agreement with respect to two requests proposed by the State. For clarity, each request is listed followed by the agreed upon or Court-ordered disposition. This listing is preceded by a recitation of the general principles governing discovery practice in federal habeas corpus proceedings.

### A. Governing Principles.

Discovery in federal habeas litigation is regulated by Rule 6 of the Rules Governing § 2254 Cases. Unlike regular civil actions, discovery in federal habeas actions can only be conducted with permission of court and permission is only granted for a showing of "good cause." In this context, good cause has two primary elements. The first is that the material sought is not available by informal means. The second relates to a strict construction of relevance. That is, discoverable information in habeas proceedings requires a closer nexus of proof to presented claims than is required in regular civil actions. Specifically, with respect to Holt, for specified discovery to be authorized, he must make a showing that the purpose of the discovery is to establish entitlement to relief. *See Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997) (discovery is appropriate to permit petitioner to establish entitlement to relief); *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (discovery must be made available where specific allegations show reason to believe petitioner would be entitled to relief if specific facts are developed); *Harris v. Nelson*, 394 U.S. 286, 300 (1969) (discovery is available to petitioner, who upon specific allegations, convinces the court s/he may be entitled to relief if the facts are developed). Because of the nature of habeas corpus, the expansive construction of relevance in civil cases,

1  to embrace all information "reasonably calculated to lead to the
2  discovery of admissible evidence" specified in Federal rule of Civil
3  Procedure 26(b)(1), is not appropriate. Habeas corpus is not a
4  proceeding to *learn* facts. *See e.g., Harris*, 394 U.S. at 297 (broad-
5  ranging preliminary inquiry is neither necessary nor appropriate in
6  the context of a habeas proceeding); *Rich v. Calderon*, 187 F.3d 1064,
7  1067 (9th Cir. 1999) (habeas corpus "was never meant to be a fishing
8  expedition for habeas petitioners to 'explore their case in search of
9  its existence'"). In the present case, Holt already has demonstrated
10 entitlement to an evidentiary hearing. Accordingly, for relevant
11 factual development, he already has demonstrated good cause.

12     With respect to the State, case authority construing Rule 6 of
13 the § 2254 Rules appears limited to issuance of protective orders for
14 ordered disclosure of attorney-client materials relevant to
15 ineffective assistance of counsel claims. In *Bittaker v. Woodford*,
16 331 F.3d 715 (9th Cir. 2003) the Ninth Circuit instructs:

> If a district court exercises its discretion to allow such
> discovery "to the extent that ··· good cause [is] shown,"
> it must ensure compliance with the fairness principle. To
> that end, it must enter appropriate orders clearly
> delineating the contours of the limited waiver before the
> commencement of discovery, and strictly police those limits
> thereafter.

21 *Id*. at 728. Thus, under *Bittaker*, a protective order is available to
22 limit the waiver as necessary to litigate a claim of ineffective
23 assistance of counsel in federal court. *See id*. at 721-22.

24     **B.   Holt's Discovery Motion.**

25     With certain conditions and accommodations, the parties have
26 agreed to all of Holt's discovery requests. Since Holt set out his
27 discovery requests as if he were propounding discovery, the Court does
28 not require that he propound separate discovery requests that are

addressed to the State and the State's counsel.  The Court anticipates that third-party subpoenas for appearance at depositions will be served on the designated witnesses.

     **1.  Holt's medical and psychiatric records from the California Department of Corrections and California Department of Mental Health.**

Counsel for the State has offered to produce all documents requested in this category by copying the entire file and delivering it to Holt's counsel.  The discovery herein requested is granted.  The Court notes that the parties agree there will be no issue as to authenticity or other foundational issues respecting these Corrections and Mental Health documents.

     **2.  Depositions of Holt's treating physicians and mental health professionals at San Quentin State Prison and Vacaville State Prison, including Aubrey Dent, M.D., Lois Williams, Ph.D, and Rod Ponath, M.D.**

Counsel for the State agrees to the depositions of the above-identified mental health professionals so long as the depositions are cooperatively scheduled and the State is afforded a reasonable opportunity to examine the witnesses following examination by Holt's counsel.  The request is granted.

     **3.  Deposition of and production of documents by the State's designated expert James R. Missett, M.D., including disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2), any prior testimony, any seminar materials that are reasonably in Dr. Missett's possession, and information about prior inquiries or**

    **investigations of misconduct undertaken which involve Dr. Missett.**

With respect to seminars and training sessions in which Dr. Missett has participated, if those materials are too burdensome for Dr. Missett and/ or the State to copy, they shall be made available and Holt's litigation team will dispatch a copying service to Dr. Missett's office to obtain copies of the documents. With respect to prior inquiries or investigations of misconduct, the State will make inquiry of Dr. Missett and provide Holt's litigation team with information concerning that subject. With these conditions, the request is granted.

  **4.** **Any documents generated by or on behalf of the State's previously designated mental health experts, Daniel Martell, M.D. and Helen Mayberg, M.D. in regards to Holt.**

Holt withdraws this request in light of representations made by the State leading Holt's counsel to believe the request is moot.

  **5.** **Deposition of Billy Ross for purposes of developing further evidence regarding his memory loss.**

Counsel for the State agrees to the deposition of Mr. Ross so long as the deposition is cooperatively scheduled and the State is afforded a reasonable opportunity to examine the witness following examination by Holt's counsel. Holt reserves the right to request production of pertinent medical records of Mr. Ross following the deposition and the State reserves the right to evaluate (including oppose) that possible discovery request at the appropriate time. The authorization to conduct the requested deposition is granted.

      **6.  Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) and (B).**

The State does not object to this request.  It is granted.

      **7.  Expansion of the Record to include all documentary evidence presented in Holt's state habeas petition, California Supreme Court Case No. S057078.**

The State does not object to this request and clarified this position on the record.  The record is expanded according to Holt's request.

    **C.  The State's Discovery Motion.**

As noted above, the result of the parties' pre-hearing meet and confer was agreement on all but two of the State's discovery requests. With respect to the agreed upon requests, since the State set out its requests as if it were propounding discovery, the Court does not require it to propound separate discovery requests directed to Holt and his counsel.

      **1.  Any and all records, papers, documents, files and notes of all counsel either retained or appointed to represent Holt in the state trial proceedings, including material accumulated by investigators, experts, paralegal/ legal assistants, or others involved in the preparation of the defense of Holt's trial.**

Holt does not object to production of the requested files subject to the entry of a protective order limiting the scope of his waiver of the attorney-client privilege.  The terms of the protective order are as follows:

1           All documents Holt provides to the State from trial
2     counsels' files, the files of any investigators or experts
3     retained by trial counsel, and the testimony of Holt, trial
4     counsel, and any investigator or expert retained by trial
5     counsel shall be deemed to be confidential.  These
6     documents, material and testimony (hereinafter collectively
7     referred to as "confidential materials") may be used only
8     by representatives from the Office of the California
9     Attorney General or any expert retained by the Attorney
10    General's Office in this federal habeas proceeding and only
11    for purposes of any proceedings incident to litigating the
12    claims presented in the petition for writ of habeas corpus
13    pending before this Court.  If the Attorney General's
14    Office provides the confidential materials to any expert as
15    authorized above, the Attorney General's Office shall
16    inform the expert of this protective order and the expert's
17    obligation to comply with it.  Disclosure of the contents
18    of the confidential materials and the confidential
19    materials themselves may not be made to any other persons
20    or agencies, including any other law enforcement or
21    prosecutorial personnel or agencies.  This order shall
22    continue in effect after the conclusion of the habeas
23    corpus proceedings and specifically shall apply in
24    connection with all state court proceedings including a
25    retrial of all or any portion of Holt's criminal case.
26          Any testimony in this proceeding in which the
27    confidential materials are referred to or at which Holt,
28    trial counsel or any investigator or expert retained by

trial counsel testifies shall be held in such a way that the confidential materials and testimony and all information contained therein or derived directly or indirectly therefrom remain confidential and are not disclosed to any persons but the parties, the Court, and necessary court personnel.  Such testimony may be subject to disclosure beyond the limitations stated in this order only upon a prior determination by the Court that specific, identified information is not protected.  Such determination shall be made only after the State serves a motion providing notice of the specific information it contends is not protected, and Holt is given an opportunity to object to the use or disclosure of the information.

This order shall continue in effect after the conclusion of the habeas corpus proceedings.  The Court shall maintain continuing jurisdiction over this matter for the purpose of enforcing the provisions of this order and imposing appropriate sanctions for any violation.

Disclosures of confidential materials in this action do not constitute a waiver of Holt's rights under the Fifth and Sixth Amendments in event of any retrial.

The terms of this order do not prohibit the State or the Attorney General's Office from disclosing or discussing items within the confidential materials with witnesses who made or recorded the statement or observation or with Holt's trial counsel.

Subject to the terms of the foregoing protective order, the request is granted.

> **2.  All records, notes, and results of all mental examinations or other examinations performed on Holt in either the trial or the present proceeding up to and including the present time, including any reports and data or other information considered in the testing, treatment, and diagnosis of any mental conditions or other conditions.**

Holt agrees to this request subject to the understanding that it applies to materials generated by experts who testified at trial, who submitted documents in connection with trial or this federal habeas proceeding, and who prepared declarations offered in this federal habeas proceeding. As limited, the request is granted.

> **3.  A complete list of individuals likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings and witnesses Holt may call to testify in his behalf, including full names and addresses.**

Holt does not object to his request. It is granted.

> **4.  A complete list by category and location of all documents, data compilations, and tangible things that are in the possession, custody, or control of Holt to support his claims.**

Holt does not object to this request. It is granted.

> **5.  The name, address, and qualifications of any expert witness Holt may call to testify in this action, together with a written report complying with Federal Rule of Civil Procedure 26(a)(2)(B).**

Holt does not object to this request. It is granted.

1       **6.    A complete description of all opinions rendered by all**
2              **examining experts consulted by Holt in the preparation**
3              **of his action.**

In support of this request, the State cites Federal Rules of Civil Procedure 26(b)(4) and 35(b). Rule 26(b)(4) permits discovery as to experts to include depositions and interrogatories. Rule 35(b) requires a party who obtains an examination pursuant to Rule 35(a) to supply a report of the examiner to the party who was examined. Holt objects to this request because it is not authorized under the rules and specifically because it is not supported by the Rules of Civil Procedure relied upon by the State. In oral argument Holt's counsel noted that the State has not asked to take the deposition of or to propound interrogatories on any expert. The State's counsel responded that the subject matter of this request may be repetitive of request number 2, *supra*. But he noted, the State also wants more than the disclosure required by Federal Rule of Civil Procedure 26(b)(4).

The Court denies this request without prejudice, but orders Holt to make a formal disclosure under Rule 26. Once counsel for the State receives this report, the State may move for further specific discovery, including interrogatories, production of documents, and depositions.

**7.    A mental examination of Holt by the State's designated**
       **mental health professional pursuant to Federal Rule of**
       **Civil Procedure 35(a).**

Holt objects to the requested mental examination on the grounds that the State had not satisfied the requirements of Rule 35(a), including a good faith showing that Holt's mental condition actually is in controversy, good cause for the examination (i.e., that

1 examination results obtained by other mental health professionals
2 employed by the prisons would not suffice), a designation of the time,
3 place, manner, and scope of the examination as well as the identity
4 of the examiner, and that the examiner is suitably licensed or
5 certified to perform the examination.  At oral argument, counsel for
6 the State stated that its designated expert, Dr. Missett, would be
7 conducting the examination and that the examination would take place
8 in the examination facilities at San Quentin State Prison at a time
9 to be determined by prison officials according to prison procedures.
10 Holt's counsel continued to object that Dr. Missett has not reviewed
11 any files of existing examinations and accordingly that the State has
12 not indicated why an additional examination is necessary in light of
13 the many past Department of Corrections examinations already
14 conducted.

15    The Court's greatest concern respecting the matter of a mental
16 examination is the issue of good cause for and scope of the proposed
17 examination. Accordingly, the State's request to conduct a mental
18 examination pursuant to Rule 35(a) shall be continued to allow further
19 briefing.  In the supplemental moving papers, the State should specify
20 the intended scope of the examination in terms of Holt's current
21 mental state versus his mental state at the time of the offense and/
22 or trial.  The State's supplemental moving papers shall be filed with
23 the Court by 4:00 p.m. on August 4, 2006.   Holt's supplemental
24 opposing papers shall be filed by 4:00 p.m. on August 18, 2006.   If
25 a hearing becomes necessary, the Court will contact counsel to
26 schedule a telephonic conference hearing.

27    **8.   An Order that Holt is under a duty to supplement or**
28        **correct the disclosure or response to include**

**information covered by this discovery motion pursuant to Federal Rule of Civil Procedure 26(e).**

Holt does not object to this request. It is granted.

**II.  Pre-Evidentiary Case Management Conference.**

In the Court's March 3, 2006 order, the parties were directed to file a joint case management conference statement on or before July 3, 2006. A pre-evidentiary hearing case management conference had been set for July 20, 2006. In light of the dispute between the parties concerning appropriate discovery, together with the fact that the hearing on the contested discovery issues was not conducted until July 3, 2006, both the July 3, 2006 briefing deadline and the July 20, 2006 case management conference hearing are vacated. Rather than set a new date for a case management conference and joint case management statement, the parties have requested that they be permitted to meet and confer and then to submit a joint discovery plan on or before August 11, 2006. The Court grants the parties' request in this regard. In the joint discovery plan, the parties are directed to advise the Court when they believe discovery will be sufficiently underway to reschedule the case management conference hearing. The Court will respond with an order setting a due date for the joint case management statement.

IT IS SO ORDERED.

Date:    July 7, 2006                         /s/ Anthony W. Ishii
                                              Anthony W. Ishii
                                              United States District Judge

97dp6210.OReXDiscoMotions&tPreEvidHrgCMC.Hlt.wpd  12