UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE HOLT,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT L. AYERS, JR., as Warden of<br>San Quentin State Prison,<br><br>    Respondent. | Case No. 1:97-CV-6210-AWI<br><br>DEATH PENALTY CASE<br><br>ORDER FOLLOWING CASE<br>MANAGEMENT CONFERENCE<br><br>DATE:    FEBRUARY 12, 2007<br>TIME:    3:00 p.m.<br>COURTROOM TWO |

    This matter came on for a Case Management Conference in the above entitled Court, the Honorable Anthony W. Ishii, presiding. Petitioner John Lee Holt ("Holt") was represented by his attorneys of record, Robert M. Myers and Jennifer M. Corey. Respondent Robert L. Ayers, Jr., as Warden of San Quentin State Prison (the "Warden") was represented by Deputy Attorney General Sean M. McCoy. All counsel appeared telephonically. The purpose of the Case Management Conference was to report on the progress of previously ordered discovery, set a date for the anticipated evidentiary hearing, and establish a deposition date for the Warden's designated expert witness, which is dependent on the date set for the evidentiary hearing.

    Mr. Myers reported that Holt's litigation team has completed discovery respecting mental health professionals who have examined and treated Holt at San Quentin State Prison. All that is left for Holt's litigation team, in terms of discovery, is to depose the Warden's designated expert, Dr. James Missett, whose deposition will be scheduled following disclosure of his expert witness report pursuant to Federal Rule of Civil Procedure 26. Mr. Myers additionally advised the Court Holt will move to expand the

1  record to include the transcripts of depositions recently conducted as well as evidence previously
2  submitted with Holt's state post conviction proceedings (including declarations and exhibits).

3       Mr. McCoy reported that Dr. Missett will not be able to prepare his Rule 26 report until afforded
4  an opportunity to review the transcripts of the depositions recently conducted by Holt's counsel. The
5  Rule 26 report may be further delayed in the event Dr. Missett believes he must personally examine Holt.
6  Mr. McCoy indicated he may renew the Warden's motion to subject Holt to a mental examination
7  pursuant to Federal Rule of Civil Procedure 35, if such an examination is recommended by Dr. Missett.
8  Mr. McCoy also stated he might want to depose Holt's designated experts as well has his trial lawyers.
9  With respect to the experts, he explained that he just received the trial lawyers' files and that the
10 ineffective assistance of counsel claims Holt now advances may require questioning of his mental health
11 experts. With respect to depositions of Holt's trial attorneys, Mr. McCoy stated that because Holt's
12 litigation team does not intend to depose trial counsel, the Warden is entitled to their testimony.

13      At the Case Management Conference, Mr. Myers expressed concern over the Warden's presently
14 stated position to conduct depositions when all witnesses have been known for nearly two years. The
15 Court does note that in the Warden's previously filed discovery motion, he did not ask to depose Holt's
16 experts. He requested Rule 26 reports (and that request was granted). Nor did the Warden ask to depose
17 Holt's trial attorneys. He asked for their files, and that request was granted (subject to an agreed upon
18 protective order). In a joint discovery schedule filed on August 11, 2006, the parties represented that
19 the files of Holt's trial counsel were to be provided by September 18, 2006. The Warden has never
20 brought to the Court's attention Holt's failure to comply with this offer. Further, as long ago as May 2,
21 2005, Holt listed over 200 names on his proposed witness list for the anticipated evidentiary hearing.
22 Both of Holt's trial attorneys, George Peterson and Charles Soria, are listed on this witness list. Other
23 than to raise a relevance question as to the numerous proposed witnesses employed by the California
24 Department of Corrections and Rehabilitation and cumulative witness concern about numerous family
25 member witnesses, the Court did not question Holt's choice of witnesses, particularly Holt's trial
26 counsel. The Court is presently under the impression that except for evidence that may be received by
27 declaration, deposition transcript, and documentary evidence, there will be live testimony and that Holt's
28 trial attorneys are likely witnesses. The Court also is aware that in the August 11, 2006 joint discovery

statement, Holt was scheduled to provide a new witness list by September 18, 2006. If Mr. Peterson and Mr. Soria are listed on this new witness list, Mr. McCoy's stated reason for wanting to take their depositions (i.e., the Warden is entitled to their testimony) requires clarification.

 Notwithstanding these issues, the parties agreed that no later than 4:00 p.m. on April 27, 2007, the Warden will file a motion for leave to conduct all further discovery in preparation for the anticipated evidentiary hearing. At the same time, Holt shall file his motion to expand the record. The parties' respective opposition briefs will be due by 4:00 p.m. on May 29, 2007, and their replies will be due by 4:00 p.m. on June 15, 2007. A telephonic hearing on these motions will be conducted on June 25, 2007 at 3:00 p.m., with Holt's counsel to arrange for and initiate the telephonic conference. If the parties feel a live hearing is necessary, they may contact the Court and request one. The foregoing briefing schedule does not include the necessity for Holt to obtain leave to depose Dr. Missett, as an order to that effect already was entered as part of the Court's July 10, 2006 order. The parties reported in their August 11, 2006 joint discovery schedule that Holt's attorneys will depose Dr. Missett within the 90 day window between the disclosure of his Rule 26 report and the scheduled evidentiary hearing.

 At the Case Management Conference, the issue of settlement was broached by Mr. Myers. The Court concurs with the merit of settlement discussions in light of Holt's apparent compromised mental state. The Court will facilitate settlement discussions through a neutral third party if the parties wish to pursue this option. The Court also suggested that the parties consider whether Holt's current mental state will affect proceeding with an evidentiary hearing. *See Rohan, ex. rel. Gates v. Woodford*, 334 F.3d 803, 819 (9th Cir. 2003) ("where an incompetent capital habeas petitioner raises claims that could potentially benefit from his ability to communicate rationally, refusing to stay proceedings pending restoration of competence denies him his statutory right to assistance of counsel").

IT IS SO ORDERED

Date: February 15, 2007          /s/ Anthony W. Ishii
                     Anthony W. Ishii
                   United States District Judge