UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN LEE HOLT,                                    Case No. 1:97-CV-06210-AWI

          Petitioner,                             DEATH PENALTY CASE

     vs.                                         ORDER RE: CROSS MOTIONS FOR
                                                  EVIDENTIARY DEVELOPMENT
ROBERT L. AYERS, JR., as Warden of
San Quentin State Prison,                         DATE:          June 25, 2007
                                                  TIME:          3:00 p.m.
          Respondent.                             COURTROOM TWO

      This matter came on for a hearing on the parties' respective cross motions for evidentiary development in the above entitled Court, the Honorable Anthony W. Ishii, presiding. Petitioner John Lee Holt ("Holt") was represented by his attorneys of record, Robert M. Myers and Jennifer M. Corey. Respondent Robert L. Ayers, Jr., as Warden of San Quentin State Prison (the "Warden") was represented by Deputy Attorneys General Sean M. McCoy and Peter Thompson. Holt moved to expand the record pursuant to Rule 7 of the Rules Governing § 2254 Cases (hereafter the "§ 2254 Rules") to include the deposition transcripts of Juror Billy Wayne Ross, Lois Armstrong, Ph.D., Aubrey Dent, M.D., and Roderick Ponath, M.D. The Warden moved for two categories of discovery pursuant to Rule 6 of the § 2254 Rules: (1) leave to take the deposition of Holt's trial counsel Charles Soria and (2) renewal of the request for leave to conduct a mental examination of Holt pursuant to Federal Rule of Civil Procedure 35(a).[1] Holt also reminded the Court that under the authority of a prior Court order, he plans

---

[1] The Warden's moving papers additionally requested leave to take the depositions of Holt's designated experts following disclosure of their reports required under Federal Rule of Civil Procedure 26(a)(2). At the hearing, Mr. McCoy clarified that the Warden does not seek to depose Holt's experts and that he is moving only to take the deposition of Mr. Soria and to conduct a mental examination of

1  to depose the Warden's expert, James R. Missett, M.D., Ph.D., upon Dr. Missett's disclosure of his

2  expert report required under Federal Rule of Civil Procedure 26(a)(2).

3  **I.      Holt's Rule 7 Motion to Expand the Record.**

4         The Warden's written response to Holt's Rule 7 motion states his non-opposition to expanding

5  the record to include the deposition transcripts of California Department of Corrections and

6  Rehabilitation ("CDCR") treating doctors Armstrong, Dent, and Ponath.  The Warden claims the fact

7  that these doctors have applied various diagnoses to Holt (from schizophrenia to depressive disorder

8  with psychotic features) permits an inference that Holt is malingering.  Holt disputes this assessment

9  The Warden's papers make no mention of Juror Billy Ross.

10        The motion to expand the record to include the depositions transcripts of Billy Wayne Ross and

11  the three treating CDCR doctors, Armstrong, Dent, and Ponath is granted.   No evidentiary

12  determinations will be made at this time.

13  **II.     The Warden's Rule 6 Request to Depose Trial Counsel.**

14        The Warden claims Mr. Soria's testimony is necessary to determine whether he provided Holt

15  competent representation in light of the information and resources available to him (Mr. Soria) at the

16  time of trial.   The timing of the Warden's request follows the recent disclosure of substantial

17  documentation contained in trial counsel files in the possession of Holt's current attorneys. The Warden

18  has not explored other options to evaluate Mr. Soria's anticipated testimony, including an investigative

19  interview.  His purpose in taking deposition is to lock in Mr. Soria's testimony.  Since Mr. Soria is listed

20  on Holt's witness list, the taking his deposition will not obviate the need for him to testify.

21        Holt's primary objection to the Warden's late request to depose Mr. Soria is the extra time and

22  expense that will be incurred by Holt's litigation team in preparing for and attending the deposition.

23        The Court finds the Warden has established good cause for taking Mr. Soria's deposition in light

24  of the recent disclosure of trial counsel files.  The parties are directed to meet and confer within 30 days

25  from the entry of this order to discuss the scope of the Warden's examination, the timing and duration

26  of the deposition, and the applicability of the prior protective order issued in this case to Mr. Soria's

27  anticipated deposition testimony.  The conference among counsel should be informed by ¶ 64 of the

28

Holt.

1   Fresno Attorney Guide (posted on the Court's website at www.caed.uscourts.gov) regarding the

2   allocation of expenses for fact witness depositions.[2]   Under Rule 6(c) of the § 2254 Rules, for

3   depositions noticed by the Warden (fact or expert witness), the Court has, and will exercise the authority

4   to require the State of California to pay travel expenses, subsistence expenses, and fees of Mr. Myers

5   to attend the deposition.  The State of California also is obligated to pay Mr. Soria's witness and travel

6   expenses, plus reporter's fees, and the cost of the original transcript.[3]   In the event the parties encounter

7   any difficulty in reaching an agreement about the time, scope, and manner of Mr. Soria's deposition, they

8   may contact the Court for a follow-up telephonic conference.

9   **III.     The Warden's Renewed Request to Conduct a Mental Examination of Holt.**

10           The Warden's original, extensively briefed motion to subject Holt to a mental examination was

11   denied without prejudice by the Court on August 29, 2006 (doc. 143).   In the original motion, the

12   purpose of the requested examination was said to explore Holt's *past* mental state, at the time of the

13   offense (July 1989) and trial (April-May 1990), as well as his *current* mental state limited to

14   malingering.  To conduct a mental examination under Rule 35, two requirements must be satisfied.

15   First, the subject's *current* mental state must be "in controversy," and second, "good cause" must exist

16   for conducting the mental examination to put the parties on equal footing and/or because there are no

17   alternatives for exploring the subject's current mental state.  The Court previously found that except as

18   to whether Holt is feigning mental illness, his current mental state was not at issue in the upcoming

19   evidentiary hearing.   Rather, it is Holt's past mental state that must be explored to resolve claims

20   regarding his competence to be tried and his mental state at the time of the offense.  The Court also

21   expressed concern as to whether a mental examination competently could reveal a mental state that

22   existed 17 and 18 years in the past.  The Court suggested that in light of the then-anticipated depositions

23   of CDCR treating doctors, Armstrong, Dent, and Ponath, the issue of Holt's malingering (that is, his

24   current mental state) could be adequately explored without the necessity of Dr. Missett and his associate

25   psychologist William Lynch, Ph.D. conducting a mental examination.  On renewal of the motion, the

26   Court invited the Warden to advance an argument that the "in controversy" requirement of Rule 35(a)

27

28

---

[2] The Court regards Mr. Soria as a fact witness.

[3] The United States Marshal pays the cost of Holt's copy of the fact witness deposition transcript.

1    extends beyond a party's *current* mental condition, and that the testimony of the CDCR treating doctors

2    is insufficient to address the current mental condition (Holt's alleged malingering).

3        In the present motion, the Warden has not addressed the Court's concerns about whether a mental

4    examination is appropriate under Rule 35 to explore *past* mental conditions or whether a mental

5    examination could reveal a past mental state.  The Warden has, however, addressed the inadequacy of

6    the treating doctors' respective assessments about Holt's malingering.  The treating doctors have given

7    testimony that Holt currently is profoundly mentally impaired, under (state) court order for involuntary

8    anti-psychotic medication,  not susceptible to neurological testing due to non- responsiveness, and that

9    he is not malingering.  These witnesses are independent witnesses working for the CDCR who have had

10   extensive contact with Holt in the prison setting.  Their testimony is credible.  The Warden's expert, Dr.

11   Missett, offers declaration testimony explaining how psychological testing could be designed and

12   conducted to determine whether Holt is malingering.   The Warden also strenuously argues that Holt has

13   placed his past mental state at issue.[4]  In a sur-reply, Holt objects to the declaration of Dr. Missett

14   appended to the Warden's reply as non-responsive to any evidentiary material presented by Holt in his

15   opposition, and merely constituting another attempt to try to convince the Court to grant the requested

16   mental examination.

17       The Court agrees with the Warden that Holt's past mental state is in issue in this case.  Other than

18   malingering, Holt's past mental state is a key issue that will be explored at the anticipated evidentiary

19   hearing.  The present motion, however, is not about what the ultimate issues are in the case.  It concerns

20   whether the Warden may utilize Rule 35(a) to conduct a mental examination.  The Court concludes he

21   may not, because a mental examination under Rule 35(a) is designed to uncover a current mental state,

22   not a past mental state.  With respect to Holt's current mental state of alleged malingering, the Court is

23   satisfied that the CDCR treating doctors have adequately covered this issue in their deposition testimony.

24   The Warden has not demonstrated "good cause" to subject Holt to a mental examination as whether he

25   is malingering.

26

27

28        [4] Dr. Missett, however, does not explain in his declaration how a mental examination would
     reveal Holt's past mental status.

1    The renewed motion for a mental examination pursuant to Federal Rule of Civil Procedure 35(a)

2    is denied without prejudice.  Holt's objection to Dr. Missett's declaration is overruled.

3    **IV.    The Outstanding Order Authorizing Holt to Depose Dr. Missett.**

4    By order filed July 10, 2006 (doc. 138), the Court granted Holt's request to require Dr. Missett

5    to provide a report pursuant to Federal Rule of Civil Procedure 26(a)(2) and to take his deposition once

6    the report was received.  The fact that Dr. Missett's report and deposition are anticipated is repeated in

7    the parties' joint discovery schedule filed on August 11, 2006 (doc. 140).

8    At the conference counsel for the parties are directed to participate in regarding the scheduling

9    of Mr. Soria's deposition, they also are directed discuss when Dr. Missett will provide his Rule 26 report

10   to Holt's attorneys so that his deposition may be scheduled.  As with discussions regarding the

11   deposition of Mr. Soria, if the parties encounter any difficulty requiring the Court's intervention, they

12   may request a follow-up telephonic conference.

13   IT IS SO ORDERED

14

15   Date:   July 2, 2007                                      /s/ Anthony W. Ishii

16                                                                  Anthony W. Ishii
                                                          United States District Judge