UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE HOLT,<br><br>                    Petitioner,<br><br>    vs.<br><br>ROBERT L. AYERS, JR., As Warden<br>of San Quentin State Prison,<br><br>                    Respondent. | Case No. 1:97-CV-06210-AWI<br><br>ORDER FOLLOWING TELEPHONIC<br>STATUS CONFERENCE<br><br>DATE:      MARCH 19, 2008<br>TIME:       2:00 p.m.<br>COURTROOM TWO |

This matter came on for a telephonic status conference in the above entitled Court, the Honorable Anthony W. Ishii, presiding. Petitioner John Lee Holt ("Holt") was represented by his attorneys of record, Robert M. Myers and Jennifer M. Corey. Respondent Robert L. Ayers, Jr., as Warden of San Quentin State Prison (the "Warden") was represented by Deputy Attorneys General Sean M. McCoy and Peter Thompson. All counsel appeared telephonically. The conference was originally scheduled for March 5, 2008, but continued to March 19, 2008 to allow the parties to consider the Court's suggestion that the procedures explained in *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003), may be applicable to this case.

**I.    Background.**

Since March 7, 2005, the parties have been engaged in conducting discovery and preparation for an evidentiary hearing ordered by the Court on March 30, 2004. Some of the discovery lodged with the Court has raised the issue of Holt's present competence to proceed with the litigation. Notably Holt's treating doctors at San Quentin Prison and Vacaville Prison have testified in depositions that Holt is profoundly mentally impaired. He has been under (state) court order for involuntary anti-psychotic

medication for at least the past two and one-half years.  The doctors are unable to conduct traditional psychological testing because Holt is non-responsive.  He denies symptoms when asked, including whether he hears voices.  According to the treating doctors, his conduct, however, demonstrates that he is hearing voices because he engages in loud conversations when he is alone, as if talking to another person.

Under *Gates*, "where an incompetent capital habeas petitioner raises claims that could potentially benefit from his ability to communicate rationally, refusing to stay proceedings pending restoration of competence denies him his statutory right to assistance of counsel, whether or not counsel can identify with precision the information sought."  334 F.3d at 819.

**II.     March 5, 2008 Proceedings.**

When the status conference hearing was originally conducted, Holt's attorneys reported that Holt is unable "to come down" for legal visits because of his mental condition.  The last legal visit his attorneys conducted was over three years ago.  His attorneys represented that they cannot communicate with him.  They were not then committed to requesting a *Gates* stay, however, and requested a continuance of the  hearing for two weeks to consider their options.  Deputy Attorney General Peter Thompson advocated for addressing the *Gates* issue presently.  The Court suggested that a *Gates* motion, if filed, could reference existing documents and evidence in the record (including the deposition transcripts of the treating doctors at San Quentin and Vacaville Prisons).

**III.    Resolution.**

Holt's counsel are now resolved to file a *Gates* motion and suggested May 1, 2008 as a due date for the motion.  In consulting the schedules of the Warden's attorneys, it appears that having Holt file his *Gates* motion on May 15, 2008 will be preferable.   In light of the fact that Holt will be able to refer to evidence of his mental condition already before the Court, and possibly additional prison medical records that are not before the Court, the Warden inquired if he might be permitted to have Holt examined by an independent mental health professional in order to inform the inquiry under *Gates*.  The Warden's concern is that Holt's treating doctors have examined him for specific medical issues, and not necessarily on the issue of his competence to rationally communicate with his attorneys and proceed with the litigation.

The Court will permit the Warden to raise this issue of an independent mental evaluation after Holt files his *Gates* motion. The Warden shall either file a response to the motion on or before June 16, 2008, or notify the Court that he wishes to address the independent mental evaluation issue at another status conference hearing. In that event, the Court will consider ordering briefing on the request for an independent evaluation on Holt's competence. The Court will weigh a variety of options to satisfy this request. If the Warden files a response to Holt's *Gates* motion, Holt shall file a reply on or before July 7, 2008. The Court will schedule a further status conference hearing after the matter is briefed, if necessary.

When advancing the *Gates* motion, Holt is directed to address the nature of claims for which an evidentiary hearing is ordered and whether Holt's "ability to communicate rationally" with his attorneys does or does not bear on the vindication of his statutory right to counsel under 18 U.S.C. § 3599(a)(2) with respect to those claims.

IT IS SO ORDERED

Date:   March 20, 2008                          /s/ Anthony W. Ishii
                                                Anthony W. Ishii
                                                United States District Judge