UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN LEE HOLT, | ) | Case No. 1:97-CV-06210-AWI |
| Petitioner, | ) ) | ORDER RE: PROCEDURE TO DETERMINE PETITIONER'S |
| vs. | ) ) | COMPETENCE TO PROCEED WITH LITIGATION |
| ROBERT L. AYERS, JR., As Warden of San Quentin State Prison, | ) ) ) | |
| Respondent. | ) | |

This matter is before the Court on the July 30, 2008 Joint Submission by Petitioner John Lee Holt ("Holt") and Respondent Robert L. Ayers, Jr., as Warden of San Quentin State Prison (the "Warden"). In the Joint Submission the parties attempt to agree on a procedure to determine Holt's competence, including the appointment of an independent expert to conduct a mental state examination, a time frame for completing the examination, and the presentation of further argument to the Court. The Court finds the proposed procedure to be cumbersome in light of the numerous issues upon which the parties cannot agree.[1] Significantly, the Joint Submission fails to specify compensation rates for any of the proposed experts.

At issue is whether Holt has the capacity to appreciate his position, make rational choices with respect to the proceedings in this Court, and to communicate rationally with counsel regarding the proceedings, or whether he is suffering from a mental disease, disorder, or defect affecting his capacity. *See Rees v. Peyton*, 384 U.S. 312, 314 (1966); *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 819 (9th

---

[1] The parties cannot agree on an expert, they cannot agree on whether the respective litigation teams can provide materials to the expert, and they cannot agree on the access Holt's counsel should be given to their client in advance of any examination. To address their disagreements, they have devised a drawn out briefing schedule.

Cir. 2002). To resolve these issues, the Court must have an adequate factual basis consisting of detailed information following a thorough examination of Holt.

Although Holt currently is housed at San Quentin State Prison, he has had previous admissions to the psychiatric hospital operated by the California State Department of Mental Heath at the California Medical Facility at Vacaville.[2] He has been examined and assessed by mental health practitioners at both the San Quentin and Vacaville facilities. Three of these mental health practitioners, Lois Armstrong, Ph.D., Roderick Ponath, M.D., and Aubrey Dent, M.D., were deposed by Holt's litigation team on November 9, 2006, February 1, 2007, and February 2, 2007, respectively.[3] Numerous excerpts from Holt's medical records have been presented to the Court as exhibits and attachments to the deposition transcripts and other court filings. Both parties have designated their own mental health experts.

To expedite the process for determining Holt's competence to proceed with the litigation, the Court suggests an alternative procedure to that formulated by the parties, that is, to have the parties' respective retained experts review the deposition transcripts of Drs. Armstrong, Ponath, and Dent, plus the documents appended to those transcripts and the documents appended to Holt's motion to stay federal habeas corpus proceedings. The parties also should identify what additional documents they would like the opposing expert(s) to review. If this procedure proves to be workable, Holt's attorneys will be asked submit a revised case management plan and budget for Phase IV-A of the litigation, under seal. Expert expenses incurred on behalf Holt will be compensated by CJA funds. Expert expenses incurred on behalf of the Warden will be paid by the State of California. If this procedure proves to be unworkable, the Court will consider alternatives. One of those alternatives is to transfer Holt back to

---

[2] The Court's understanding that Holt currently is housed at San Quentin is based documents appended to a sealed argument in his motion to stay federal habeas corpus proceedings, which was filed on June 18, 2008.

[3] The Court has been provided copies of the deposition transcripts. The Warden's counsel participated in all three of these depositions.

the psychiatric hospital at the Vacaville California Medical Facility and to allow the parties' respective experts to observe him, as recommended and supervised by the treating mental health practitioners.[4]

The parties are directed to meet and confer within two calendar weeks from the date of filing of this order. Thereafter, they are directed to file separate responses to the Court's proposed procedure for determining Holt's competence on or before September 5, 2008. The Court has set aside September 11, 2008 at 8:30 p.m. for a telephonic hearing in this matter.

IT IS SO ORDERED.

Dated:   August 15, 2008

                                                /s/ Anthony W. Ishii
                                                  Anthony W. Ishii
                                              United States District Judge

---

[4] A decision as to whether Holt could be interviewed or questioned by the parties' experts also would be committed to the discretion and supervision of the treating mental health practitioners.