UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN LEE HOLT, | ) | Case No. 1:97-CV-06210-AWI |
| Petitioner, | ) ) | SECOND ORDER RE: PROCEDURE TO DETERMINE PETITIONER'S COMPETENCE TO PROCEED WITH LITIGATION |
| vs. | ) ) ) | |
| ROBERT L. AYERS, JR., As Warden of San Quentin State Prison, | ) ) ) | HEARING DATE: September 11, 2008 VACATED |
| Respondent. | ) | |

This matter is before the Court on the August 27, 2008 Joint Submission by Petitioner John Lee Holt ("Holt") and Respondent Robert L. Ayers, Jr., as Warden of San Quentin State Prison (the "Warden"). In the Joint Submission, the parties have agreed on a procedure to determine Holt's competence to proceed with this litigation. The terms of the parties' agreement are presented in their August 27, 2008 Joint Submission.

The salient points of the agreement are that an examination of Holt shall be undertaken by psychiatrist Roderick Ponath, M.D., who is on the medical staff at San Quentin State Prison. Dr. Ponath shall examine Holt to determine whether he has the capacity to appreciate his position, make rational choices with respect to proceedings in this Court, and to communicate rationally with counsel regarding the proceedings, or whether he is suffering from a mental disease, disorder or defect affecting his capacity. *See Rees v. Peyton*, 384 U.S. 312, 314 (1966); *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 819 (9th Cir. 2003). Dr. Ponath may conduct whatever examination he deems necessary, in his professional judgment, to resolve this inquiry. He will then provide a report of his findings to the Court within 60 days from the filing of this order. Holt will have 30 days from the filing of Dr. Ponath's report to file and serve briefing responsive to the report. The Warden will have 30 days after the filing of

Holt's brief to file and serve his briefing. Holt may file a reply, if he so chooses, within 14 days from the filing of the Warden's brief. The parties also have agreed upon the language of a protective order they wish to have the Court enter.

In light of the parties' agreement on a procedure for determining Holt's competence to proceed with this litigation, the Court's August 15, 2008 order is vacated to the extent it requires the parties to file separate response on or before September 5, 2008. The telephonic hearing on September 11, 2008 at 8:30 a.m. also is vacated. The parties are, however, directed to submit a proposed stipulated order outlining the scope and extent of the protective order pertaining to the anticipated competence examination.

IT IS SO ORDERED.

Dated:     September 2, 2008

/s/ Anthony W. Ishii
Anthony W. Ishii
United States District Judge