IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE HOLT,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>Vince Cullen,* as Warden of San Quentin State Prison,<br><br>　　　　Respondent. | Case No. 1:97-cv-06210 AWI<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING IN PART PETITIONER'S REQUEST TO CLARIFY OR MODIFY SEPTEMBER 8, 2008 PROTECTIVE ORDER<br><br>Hearing Date: March 22, 2011<br>　　　　　　　　VACATED |

　　　The matter is before the Court on the request of Petitioner John Lee Holt ("Holt") to clarify the provisions of an earlier stipulated protective order entered on September 8, 2008 (doc. 193). The motion includes as exhibits correspondence between counsel for Holt and counsel for Respondent, Vince Cullen, as Warden of San Quentin State Prison (the "Warden"). The Court has reviewed Holt's moving papers, together with the attached exhibits and finds that further briefing from the Warden is not necessary to rule on the motion. The hearing scheduled for the motion, on March 22, 2011, is vacated.

BACKGROUND

　　　On November 21, 2008, the Court issued an order granting Holt's motion to stay these federal proceedings pursuant to *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003), on the grounds that he is incompetent to proceed with and assist his counsel in prosecuting this litigation. The *Gates* stay order was informed by the confidential report of Roderick D. Ponath, M.D., a psychiatrist employed by the California Department of Corrections and Rehabilitation ("CDCR"), which concluded that Holt suffers from a mental disease, disorder, or defect, and further that Holt does not have the capacity to

---

* Vince Cullen, as Warden of San Quentin State Prison, is substituted for his predecessor Robert L. Ayers, Jr. pursuant to Federal Rule of Civil Procedure 25(d).

97dp6210.OGrantPetnrReq2ClarifyProtectiveOrd.Hlt.wpd　　　　1

appreciate his position, make rational choices with respect to the proceedings in this Court, or to communicate rationally with his appointed attorneys regarding the proceedings (doc. 199). Holt filed Dr. Ponath's report under seal on October 30, 2008, but served it on the Warden pursuant to the September 8, 2008 protective order now under consideration. That protective order prohibits the parties from disclosing the foundation for or content of Dr. Ponath's report to any other persons or agencies and proscribes any such foundation or content to be offered or admitted into evidence by or against Holt on any issue other than Holt's competence to proceed with this federal habeas corpus litigation.

In the *Gates* stay order, the Court directed the parties to arrange for Holt to be reexamined by Dr. Ponath or another psychiatrist employed with the CDCR every two years to determine whether there has been a material change in his mental condition. On November 11, 2010, another CDCR employed psychiatrist, Robbin Broadman, M.D., examined Holt and reviewed his (Holt's) medical records. According to the status report of Assistant Federal Defender Jennifer Mann, Dr. Broadman's conclusion was that there is no material change in Holt's mental condition since the November 21, 2008 order. Although Holt, through counsel, initially sought to file Dr. Broadman's report with the Court under seal, this procedure was not required under the November 21, 2008 *Gates* stay order. All that was required was for counsel to file a status report, which Holt's counsel did.

Holt reports that on September 1, 2010, the California Supreme Court issued an Order to Show Cause (returnable to the Kern County Superior Court) on the issue of whether he is mentally retarded and therefore exempt from execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). Prior to filing the within motion, Holt attempted secure the Warden's agreement that both Dr. Ponath's and Dr. Broadman's reports are relevant to Holt's amenability to psychological testing in the *Atkins* proceedings and that the September 8, 2008 protective order be modified to permit use of both reports in those state proceedings. As reflected in correspondence appended to the present motion, the Warden opposes the proposed modification because it violates the intent of the protective order, to confine use of those reports to Holt's competence to proceed with this federal habeas corpus litigation.

ALTERNATIVE RELIEF REQUESTED

Holt requests the Court to enter one of two orders. In the first alternative, the Court would order that Dr. Broadman's report is not subject to the September 8, 2008 protective order. This would permit

Holt and his attorneys to use Dr. Broadman's report in the *Atkins* litigation pending in the Kern County Superior Court. The second alternative would broaden the September 8, 2008 protective order to include Dr. Broadman's report, and all subsequent reports on the issue of Holt's competence to proceed in this federal habeas corpus litigation with the exception that both parties and their experts would be permitted to use the existing reports of Drs. Ponath and Broadman as well as any subsequent reports on the issue of Holt's competence in the *Atkins* proceedings before the Kern County Superior Court.

DISCUSSION

The Court agrees with the Warden's position, as expressed in his correspondence to Holt, that the intention of the parties in submitting the stipulated protective order, which ultimately was filed on September 8, 2008, was to maintain the confidentiality of competence examinations conducted by qualified CDCR medical personnel and prohibit the use by either party of the foundation for or content of reports memorializing those competence examinations for any purpose other than assessing Holt's competence under the *Gates* stay order issued on November 21, 2008. Holt's second alternative requested relief, without the exception, is the appropriate clarification of the September 8, 2008 protective order.

FOR GOOD CAUSE APPEARING,

Holt's Motion to Clarify or Modify Protective Order is GRANTED in part.

The September 8, 2008 protective order (doc. 193) is modified to include the report to CDCR psychiatrist Robbin Broadman, M.D., and all subsequent reports on the issue of Holt's competence to proceed with his federal habeas corpus proceedings before this Court.

IT IS SO ORDERED.

DATE:  February 16, 2011                         /s/ Anthony W. Ishii
                                                 Anthony W. Ishii
                                                 United States District Judge