UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE HOLT,<br><br>        Petitioner,<br><br>   v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>        Respondent. | Case No.: 1:97-cv-06210 AWI<br><br>ORDER REINSTITUTING PREPARATION FOR EVIDENTIARY HEARING |

## I.  Introduction

This matter is before the Court following the decision by the United States Supreme Court in *Ryan v. Gonzales,* ___ U.S. ___, 133 S. Ct. 696 (2013).  In the unanimous decision, the Court held that suspension of habeas corpus proceedings for an indefinite period during a petitioner's mental incompetence "is inappropriate and merely frustrates the State's attempts to defend its presumptively valid judgment." Id. at ___, 133 S. Ct. at 709.  Prior to that, the law in this Circuit was governed by *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003), which held that the statutory right to counsel under 18 U.S.C. § 3599(a)(2) carried with it a right of a condemned inmate seeking a writ of habeas corpus to be mentally competent to assist counsel.  The *Gonzales* decision overruled *Gates*. *Id*. at ___, 133 S. Ct. at 703-06.

1

OGrantAbeyance-Hlt

On November 21, 2008, the Court issued an order granting the motion of Petitioner John Lee Holt ("Holt") to stay federal proceedings, pursuant to *Gates*, 334 F.3d 803, until Holt could be restored to competence (doc. 199). Since the *Gates* stay order was entered, Holt's attorneys have submitted biannual reports on the status of his mental condition. The last status report, filed March 6, 2013 (doc. 204), reported that based on the evaluation conducted by CDCR psychologist Robert Sargent, Ph.D., there had been no material change in Holt's mental condition. As of the date the *Gonzales* decision was issued, January 8, 2013, the *Gates* stay in the present litigation became void and the Court is obliged to avail Respondent Kevin Chappell, Warden of California State Prison at San Quentin (the "Warden") the opportunity to defend the State of California's presumptively valid judgment against Holt.

## II.   Procedural Status

Holt commenced this action on December 15, 1997 with the filing of an application for counsel and request to stay the execution of his death sentence. On December 1, 1998, Holt filed his fully exhausted petition. After briefing by both parties, Holt filed a motion for an evidentiary hearing on May 1, 2001. While this motion was under submission, on June 20, 2002, the United States Supreme Court decided *Atkins v. Virginia*, 536 U.S. 304, which held that execution of a mentally retarded person is a violation of the Eighth Amendment proscription against cruel and unusual punishment, and that the decision applied retroactively to all persons within the protected class. On June 18, 2003, Holt filed a petition for habeas corpus relief in the California Supreme Court alleging a single claim, pursuant to *Atkins,* challenging the imposition of his death sentence on the grounds he is mentally retarded. Nine months later, on March 30, 2004, this Court issued an order granting a limited evidentiary hearing, as to seven guilt phase claims (doc. 96). In that Order, the Court specifically bifurcated the proceedings between guilt and penalty phases, deciding to address the guilt phase claims first, and then, if necessary resolve the penalty phase claims.

Because there was some overlap of factual issues between the state court penalty phase claim and the federal guilt phase claims, Holt moved the Court for an order holding federal proceedings in abeyance. Although the Court was not convinced abeyance was required, the motion was granted on October 7, 2004, largely because both parties requested that result (doc. 104). As of March 1, 2005,

OGrantAbeyance-Hlt

Holt requested for federal proceedings on the guilt phase claims to be reinstated and the Court granted his request on March 7, 2005.

The parties cooperated in conducting discovery pursuant to Rule 6 of the Rules Governing § 2254 Cases and exchanging some documents.  In reviewing the file, the Court observes that Holt has taken the deposition of juror Billy Ross (on October 2, 2006), plus three CDCR mental health professionals, Lois Armstrong, Ph.D. (on November 9, 2006), Roderick Ponath, M.D. (on February 1, 2007), and Aubrey Dent, M.D. (on February 2, 2007).  On December 3, 2007, the Warden reported to the Court that he completed the deposition of trial counsel Charles Soria on October 5, 2007 and that pursuant to agreement with Holt's counsel, the disclosures under Rule 26(a)(2) for his mental health expert, James Missett, M.D., Ph.D., plus any other Rule 26 disclosures, would be made on February 1, 2008.  There is no indication in the file whether the exchange of documents and disclosures were made or whether Holt conducted Dr. Missett's deposition.  No further inquiries or requests were presented about these matters, because in early March, 2008, the issue of a *Gates* stay became the focal point of the litigation and was not resolved for nearly nine months (from March 5 through November 21, 2008).

### III.   Litigation

The seven claims for which the limited evidentiary hearing was granted involve four separate categories of guilt phase issues: lack of juror impartiality; Holt's incompetence to stand trial; the trail attorneys' failure to introduce a viable mental state defense during guilt phase proceedings; and the trail attorneys' failure to competently address the rape charge.  In this order, the Court will address the first three of these categories.[1]

#### A.   Lack of Juror Impartiality

In Claim 9 of the Petition Holt challenges the impartiality of juror Bill Ross for his failure to have revealed an on-going dispute with an African-American tenant on his rental property[2] and the

---

[1] As noted in the 2004 Order, the only relevance of the rape conviction claims to the guilt phase outcome is as part of a cumulative prejudice argument.  The Court may revisit the rape conviction claims in the future.

[2] This on-going dispute, in turn, led to an assault on the tenant, and the arrest of Mr. Ross's adult son, and a civil suit for damages.

3

fact that he had suffered from a short-term memory loss for the previous 30 years. In ruling on this claim the Court limited evidence to be presented at the anticipated evidentiary hearing to that which had been referenced in the Order, live testimony from Mr. Ross, and any evidence the Warden developed to refute this evidence. Several months after Holt's attorneys conducted Mr. Ross's deposition, on July 2, 2007, the Court ordered the state record expanded to include the transcript of Mr. Ross's deposition (doc. 169). It appears the only tasks remaining to resolve Claim 9 are determining the admissibility of evidence concerning Mr. Ross's lack of impartiality already before the Court and the development of any additional evidence by the Warden.

Accordingly, the Warden is directed to come forward with a statement of any objections to the evidence discussed in the 2004 Order regarding Claim 9, the content of Mr. Ross's deposition testimony, and exhibits appended to his deposition transcript. The Warden also is directed to provide an offer of proof as to evidence he would present to refute Mr. Ross's testimony and argument that Mr. Ross's deposition testimony does not support Claim 9 under the principles discussed in *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556 (1984), *Fields v. Woodford*, 309 F.3d 1095, 1102 (9th Cir. 2002), and *Dyer v. Calderon*, 151 F.3d 970, 973 (9th Cir. 1998).

### B.   Holt's Incompetence to Stand Trial

Claims 11 and 12 allege Holt was incompetent to stand trial because he did not comprehend the proceedings, understand the decisions made regarding his defense, knowingly and intelligently waive his Fifth Amendment right against self-incrimination when he testified at guilt proceedings, or, when he did testify, understand the questions put to him. Claim 11 is a substantive incompetence claim and Claim 12 is based on ineffective assistance of counsel for his attorneys' failure to recognize and act on the fact of his incompetence. The offers of proof reviewed in the 2004 Order included : the trial testimony and post-conviction declarations of three psychiatrists and one psychologist, Samuel Benson, M.D., Raul Guisado, M.D., Monte Buchsbaum, M.D., and William Pierce, Ph.D.; the declaration testimony of psychiatrist Roderick Pettis, M.D. and psychologist Mary Ann Kim, Ph.D.; the Kern County Jail medical records regarding Holt; photocopies of notes Holt recorded during jury selection; the trial testimony of Colorado agency mental health professionals, registered nurse Sandra Lane and social worker Beverly Wright; trial testimony and post-conviction declaration of former co-

4

door-to-door salesman Cameron Bearden; and the declaration of trial attorney Charles Soria. Since Holt previously deposed psychiatrists Drs. Ponath, Armstrong, and Dent, and those depositions are now part of the record, the Court surmises Holt will wish to rely on that evidence as well. None of the declaration testimony or documents has been made part of the record. However, the Court is aware that the Warden conducted Mr. Soria's deposition in October 2007 and it's possible a copy of his declaration was made an exhibit to that deposition. Both the deposition transcript and any exhibits would be subject a Rule 7 record expansion motion. Holt also has indicated he will call a *Strickland* expert to testify about the standard for reasonably competent counsel in light of the information given to the trial attorneys by the testifying experts. For the purposes of this order, the Court will presume the *Strickland* expert will opine that Holt's trial attorneys were professionally incompetent.

In light of the Court's objective to resolve Holt's claims without further delay, the Warden is directed to provide an explanation as to how he proposes to refute the offered declaration testimony, either by cross examination or opposing experts, including his previously designated expert, Dr. Missett, and possibly his own *Strickland* expert. The Warden also shall provide a summary of his position that the proffered evidence does not establish the allegations of Claims 11 and 12.

**C.     Ineffective Assistance of Counsel for Failure to Present a Mens Rea Defense Coupled Decision to Present Holt as the Sole Guilt Phase Defense Witness**

Claim 13 alleges ineffective assistance of counsel for the failure of Holt's trial attorneys to advance viable mental state defenses to the five charged offenses, namely, murder, burglary, robbery, rape, and sodomy. After and evaluating this claim in the 2004 Order, the Court determined Holt could proceed with his contention that he lacked the requisite mens rea to commit the charged crimes.[3] Claim 14 alleges professional incompetence for the defense attorneys' decision to call Holt as the sole guilt phase witness. In the analysis of these two claims, the Court reviewed extensive proffered declarations, reports, trial testimony, and argument of trial counsel recorded in the reporter's transcript, not all necessarily relevant to the failure to raise a mens rea defense.

---

[3] Excluded from further evidentiary development were the unconsciousness and insanity defenses.

5

OGrantAbeyance-Hlt

For these two guilt phase claims, the Court directs Holt to come forward with a statement of the witnesses and extra-record documentation he intends to rely upon in establishing the ineffective assistance of counsel claims, including whether he intends to call a *Strickland* expert.

### IV.    Case Resolution without Litigation

The present case is one of two cases pending in the Fresno Division of the Eastern District of California that was stayed under the holding in *Gates*, 334 F.3d 803. In the other case, *McPeters v. Warden*, Case No. 1:95-cv-05108 LJO, the Court attempted to encourage case resolution without litigation. In that case, the petitioner, like Holt, suffers from various symptoms consistent with enduring, serious psychosis. The settlement discussions in the *McPeters* case did not progress past a proposal submitted to the Warden's attorneys by the petitioner's attorneys.[4] Since the attorneys representing the Warden in the present case are the same as in the *McPeters* case, the Court does not believe that initiating settlement discussions in the present case would be efficacious in bringing the matter to a final resolution. While the Court would be pleased to entertain settlement discussions in this case, any efforts in that regard will have to be initiated by the parties.

### V.    Order

In compliance with this order, the Warden is directed file a response to Claims 9, 11, as 12, within 60 days of this order. Holt shall file a response to Claims 13 and 14 in compliance with this order, also within 60 days. Once the Court has an opportunity to review the parties' respective submissions, further briefing may be ordered, or the Court may call for a status conference. No case management or budgeting activity will be necessary on the part of Holt's attorneys, as the budget authorized in 2005 remains viable.

IT IS SO ORDERED.

Dated: <u>November 15, 2013</u>

<u>/s/ Anthony W. Ishii</u>
Anthony W. Ishii
United States District Judge

---

[4] The Court was not advised of the contents of the proposal.

OGrantAbeyance-Hlt