UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE HOLT,<br><br>                    Petitioner,<br><br>       v.<br><br>KEVIN CHAPPELL, AS WARDEN OF SAN QUENTIN CALIFORNIA STATE PRISON,<br><br>                    Respondent. | Case No.  1:97-cv-06210 AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER DIRECTING PARTIES TO MEET, CONFER, AND FILE JOINT STATEMENT RE: EVIDENTIARY HEARING |

On March 30, 2004, District Judge Anthony Ishii issued an order granting a limited evidentiary hearing as to guilt phase Claims 9, 11, 12, 13, 14, 15, and 16, as discussed in the order.  (ECF No. 96.)  On November 15, 2013, the Court directed the parties to reinstitute preparations for an evidentiary hearing with respect to guilt phase claims 9, 11, 12, 13, and 14.  (ECF No. 206.)  The order omitted Claims 15 and 16 which raise the trial attorneys' failure to competently address the rape charge rape-murder special circumstance.  This omission was intended because the rape conviction pertained only to the issue of cumulative prejudice and was to be revisited in the future, if necessary.  Both parties filed their respective responses on May 14, 2014.  Since the parties' filed their responses, the Court has determined that in the interests of judicial efficiency, all seven claims for which an evidentiary hearing was granted in 2004 will be

1

addressed, including the rape claims.  The Court will provide the parties an opportunity to respond to Claim 15 and 16, as noted below.

# I.

# BACKGROUND

After the March 30, 2004 evidentiary hearing order issued, the parties jointly requested federal proceedings to be held in abeyance because proceedings on Holt's penalty phase claim under Atkins v. Virginia, 536 U.S. 304 (2002) were pending before the California Supreme Court.[1]  The Court granted the joint motion on October 7, 2004.  On March 1, 2005, Petitioner John Lee Holt ("Petitioner") requested that federal proceedings on the guilt phase claims be reinstated.  The Court granted this request over the objections of Respondent Warden of San Quentin State Prison ("Respondent") on March 7, 2005.[2]  Thereafter, the Court conducted two case management conferences, on May 16, 2005 and September 26, 2005 to narrow the factual disputes as to the seven claims for which the evidentiary hearing was granted.

Based on discussions with and submissions by the parties, the Court issued a case management plan for the evidentiary hearing on March 3, 2006. (ECF No. 128.)  Since Respondent had submitted specific and general objections to over 170 declarations, reports, and other documents considered by the Court in granting an evidentiary hearing, the Court directed Respondent to make arrangements to contact whatever percipient witnesses, including relatives, family, friends, social service personnel, and any mental health care professionals familiar with Petitioner's background he deemed appropriate.  Petitioner's attorneys were to assist Respondent in making those necessary contacts.  In the event informal efforts were unsuccessful, Respondent was directed to move the Court for appropriate discovery orders under Rule 6 of the § 2254 Rules.  The parties then filed cross discovery motions which the Court resolved on July 10, 2006.

---

[1] Holt's penalty phase Atkins claim was referred by the state supreme court to the Kern County Superior Court for an evidentiary hearing, where it currently remains pending.

[2] The Warden of San Quentin State Prison on March 7, 2005 was Jill Brown.  As noted in the in the caption, the current Warden is Kevin Chappell.  As wardens are replaced, the names of current wardens are substituted for previous wardens pursuant to Federal Rule of Civil Procedure 25(d).

The Court is not aware whether or if Respondent succeeded in or attempted to contact any of these witnesses.

Further evidentiary hearing preparations were then interrupted while the parties litigated the propriety of staying the proceedings because Petitioner lacked competence to assist his attorneys with the evidentiary hearing pursuant to Rohan ex rel. Gates v. Woodford, 334 F.3d 803 (9th Cir. 2003). The Court entered a Gates stay on November 21, 2008. (ECF No. 199.) The Gates stay was lifted effective January 8, 2013 when the Supreme Court filed its opinion in Ryan v. Gonzales, ___ U.S. ___, 131 S. Ct. 696 (2013). See Order filed November 15, 2013 by this Court. (ECF No. 206.)

## II.

## DISCUSSION

Prior to the Gates stay, the parties made considerable effort to identify and resolve evidentiary disputes. On January 24, 2006, Respondent interposed the objections to the documentary evidence (including declarations). The Court acknowledged these objections in its March 3, 2006 order (ECF No. 128), as mentioned above, and directed the parties to file appropriate discovery motions.[3] With respect to Respondent's objections, the Court noted over 80 specific objections referencing Federal Rules of Evidence 104, 403, and 405. The Court explained that because there is no jury fact-finding in a federal capital habeas corpus action, these evidentiary rules were inapplicable to the present proceedings and the objections on those specific bases were overruled. See March 3, 2006 order, pp. 8-9. The Court did, however, invite Respondent to test and controvert the evidence (as noted above). That invitation still stands. In Respondent's January 24, 2006 filing, he also indicated that in addition to designating a gynecologist to refute Petitioner's claim that an actual rape did not occur, he also would designate an expert on sexual assault victims.

In Respondent's current response to the order reinstituting evidentiary hearing preparation, he also renews the objections discussed in the March 3, 2006 order, noting that the

---

[3] Although there were 47 declarations, reports, and other documents to which Respondent did not interpose specific objections, he did not waive his general objections to all the documentary material.

Court declined to sustain any of them.[4]  Respondent also objects to the exhibits attached to Mr. Ross's deposition transcript and reiterates his need to elicit testimony from Mr. Ross's wife, Ramona, and son, Wyatt.

Some issues have been resolved.  First, trial counsel's files have been produced with a stipulated protective order.  <u>See</u> July 10, 2006 Order (ECF No. 138), pp. 7-8.  Next, on July 2, 2007, an order issued for three discovery matters and referenced a prior discovery ruling.  The Court granted Petitioner's motion to expand the record to include deposition transcripts of CDCR mental health care providers, Lois Armstrong, Ph.D.; Aubrey Dent, M.D.; and Roderick Ponath, M.D.; plus the deposition of juror Billy Ross.  The Court granted Respondent's motion for leave to take the depositions of Petitioner's trial attorney, Charles Soria (which was conducted on October 5, 2007).  The Court also denied Respondent's motion under Federal Rule of Civil Procedure 35(a) to conduct a mental examination of Petitioner by Respondent's expert James Missett, M.D., Ph.D.  This order also acknowledged the Court's prior authorization for Petitioner to conduct Dr. Missett's deposition.  (ECF No. 169.)  On September 8, 2008, a protective order was filed regarding a report of Roderick Ponath, M.D., one of Petitioner's mental health experts, to prevent disclosure for any purpose other than determining Petitioner's competence.  (ECF. No. 193.)

In Petitioner's current response to the order reinstituting evidentiary hearing preparations, he moves to expand the record to include the deposition transcript of Mr. Soria, subject to a protective order to prevent disclosure of attorney-client communications outside of this federal habeas proceeding.  Petitioner also suggests depositions be taken 1) to preserve the testimony of aging experts, including testifying experts William Pierce, Ph.D. and Samuel Benson, M.D;  and 2) of expert witness Roderick Pettis, M.D., who Petitioner reports has "withdrawn from the case" due to anxiety caused by courtroom testimony.  Petitioner suggests that to expedite an anticipated ruling in his favor that the parties brief Claim 9 (regarding Mr. Ross's alleged lack of

---

[4] He does not mention that the Court overruled objections based on Federal Rules of Evidence 104, 403, and 403.

impartiality). Petitioner also moves for appointment of a <u>Strickland</u> expert to inform the Court of the professional standard of care at the time of Petitioner's trial.[5]

### III.

### MEET, CONFER AND FILE A JOINT STATEMENT

In the five years that Petitioner's case was stayed under <u>Gates</u>, hearing preparation and efforts to narrow evidentiary disputes have become stale. To revive those efforts, the Court directs the parties to meet and confer to discuss the many issues raised in their respective May 14, 2014 responses, with particular attention to the following issues:

1. Respondent's commitment to eliciting testimony from Ramona and Wyatt Ross (possibly by deposition);

2. Setting a briefing schedule to resolve Claim 9;

3. Providing an opportunity for Respondent to test and controvert the statements of witnesses who provided declarations;

4. Preserving the testimony of all aging witnesses, especially trial experts Drs. Pierce and Benson;

5. Preserving the testimony of Petitioner's expert, Dr. Pettis;

6. Completing the exchange of Rule 26 disclosures, including identifying alleged omissions;

7. Petitioner's response to Respondent's objections to documentary evidence submitted with state habeas pleadings (excluding the objections based on Federal Rules of Evidence 104, 403, and 405);

8. The parties' willingness to stipulate to a protective order regarding Mr. Soria's deposition; and

9. Petitioner's position on Respondent's commitment to designating an expert on sexual assault victims.

---

[5] Petitioner is advised that this request must be submitted to the Court in an amended budget request.

5

1   This list of issues is not intended to be exhaustive, but rather a starting point for the parties to narrow the issues in dispute.  The Court will rule on the propriety of the parties' respective positions on depositions, Federal Rule of Civil Procedure 26 disclosures, Respondent's objections to the documentary evidence, the propriety of witnesses sought to be designated, any protective orders, and the appropriate method for Respondent to test declaratory evidence once the issues are framed in a joint statement.  With respect to Petitioner's request to designate a <u>Strickland</u> expert, Respondent is a liberty to address the issue, but ultimately the matter will be taken up at a confidential budgeting conference after case management discussions.  Should either party wish to designate any additional experts, that intention should be included in the joint statement.

The Court directs the parties to meet and confer about the foregoing matters within twenty-one (21) days from the filing of this order.  The parties further are directed to file their joint statement within thirty (30) days after their meeting.

IT IS SO ORDERED.

Dated:   **September 11, 2014**

UNITED STATES MAGISTRATE JUDGE