# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE HOLT,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL, Warden of San Quentin State Prison,<br><br>    Respondent. | Case No.  1:97-cv-06210-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER SETING INTERIM TELEPHONIC CASE MANAGEMENT CONFERENCE<br><br>Date: March 17, 2015<br>Time: 2:00 p.m.<br>Courtroom: 9<br>Judge: Stanley A. Boone |

This matter is before the Court on the parties' October 31, 2014 joint statement regarding anticipated limited evidentiary hearing on guilt phase claims 9 (lack of juror impartiality and implied bias - juror Billy Ross), 11 (mental competency), 12 (ineffective assistance of counsel – mental competency), 13 (ineffective assistance of counsel – mental state defenses), 14 (ineffective assistance of counsel – calling Petitioner to testify), 15 (ineffective assistance of counsel and trial court error – lesser included instructions for rape) and 16 (ineffective assistance of counsel – failure to investigate rape).  By this order, the Court sets an interim telephonic case

1

management conference to discuss the parties' respective positions and to set the date for the limited evidentiary hearing and to establish any other scheduling matters.

## I.

## BACKGROUND

Petitioner commenced this action on December 15, 1997 with the filing of an application for counsel and request to stay the execution of his death sentence. On December 1, 1998, Petitioner filed his fully exhausted petition. After briefing by both parties, Petitioner filed a motion for an evidentiary hearing on March 1, 2001.

On March 30, 2004, the Court denied claims 2, 3, 6, 8 and 10 on the merits, bifurcated proceedings between guilt and penalty phases, and ordered a limited evidentiary hearing on the above noted guilt phase claims. The Court held in reserve the remaining claims for which an evidentiary hearing was requested, i.e., claims 19, 21, 22, 32, 33, 41 and 43. The parties engaged in factual development in anticipation of the evidentiary hearing.

On November 21, 2008, the Court stayed proceedings pursuant to Rohan ex rel. Gates v. Woodford, 334 F.3d 803 (9th Cir. 2003), pending Petitioner's restoration to mental competence. The Gates stay was lifted, effective January 8, 2013, when the Supreme Court filed its opinion in Ryan v. Gonzales, ___ U.S. ___, 133 S. Ct. 696 (2013). This Court, on November 15, 2013, ordered reinstitution of preparations for the limited evidentiary hearing. The parties were directed to meet and confer and to file a joint statement narrowing disputed evidentiary hearing issues and responding to the following issues:

    1.    Respondent's commitment to eliciting testimony from Ramona and Wyatt Ross (possibly by deposition);

    2.    Setting a briefing schedule to resolve claim 9;

    3.    Providing an opportunity for Respondent to test and controvert the statements of witnesses who provided declarations;

    4.    Preserving the testimony of all aging witnesses, especially trial experts Drs.

Pierce and Benson;

5. Preserving the testimony of Petitioner's expert, Dr. Pettis;

6. Completing the exchange of Rule 26 disclosures, including identifying alleged omissions;

7. Petitioner's response to Respondent's objections to documentary evidence submitted with state habeas pleadings (excluding the objections based on Federal Rules of Evidence 104, 403, and 405);

8. The parties' willingness to stipulate to a protective order regarding Mr. Soria's deposition; and

9. Petitioner's position on Respondent's commitment to designating an expert on sexual assault victims.

On October 31, 2014, the parties filed their joint statement.

## II.

## DISCUSSION AND ORDER

The parties' joint statement resolves some of the issues listed by the Court in its meet and confer order. The parties set out a briefing schedule for claim 9. They propose to update, by May 2015, Rule 26 disclosures and related documentation, including as to replacement expert(s). They agree that deposition of defense counsel, Mr. Soria, is covered by the existing protective order dated July 10, 2006. They agree that Respondent's objections to documentary evidence in the state record were resolved by when Judge Ishii, on July 10, 2006, granted expansion of the record to include all documentary evidence presented in Petitioner's state habeas corpus petition.

However, the joint statement leaves unresolved other meet and confer issues. The parties do not agree on the method by which Respondent may test and controvert Petitioner's witness declarations, whether through cross-examination or written interrogatories or answering affidavits, and whether and when Respondent is to identify the declarants he desires to challenge.

3

The parties do not agree whether there is good cause for Petitioner to depose aging witnesses including experts Drs. Pierce and Benson, or whether state court declarations and Rule 26 reports of these witnesses may be received as substantive testimony.  The parties do not agree whether discomfort and anxiety is good cause to allow Petitioner's primary mental defense expert, Dr. Pettis, to be video-deposed rather than provide live testimony at the evidentiary hearing, or whether Dr. Pettis's state court declarations and Rule 26 reports may be received as substantive testimony.  The parties do not agree whether they will designate (i) a sex assault victim expert (Respondent), or (ii) a <u>Strickland</u> expert (Petitioner).

The Court will conduct an interim case management conference to address these and other issues pertaining to the anticipated limited evidentiary hearing.  Specifically, the parties should be prepared to address the appropriate and most efficient manner of presenting evidence, including stipulated facts, legal and evidentiary issues, mutually agreeable documentary evidence, and the identity of available witnesses for examination.  Further, the parties should be prepared to address any remaining disputes regarding the admissibility of the evidence relied upon by both parties.  Finally, the parties should be prepared to address the issue of settlement given Petitioner's apparent compromised mental state.  The Court will facilitate settlement discussions if the parties wish to pursue this option.  At the conclusion of the case management conference, Respondent's counsel will be excused and the conference will continue ex parte with counsel for Petitioner present to discuss any budgeting issues.

Generally, the Court prefers the presentation of evidence via live testimony because it is more succinct and complete.  However, the Court will consider alternatives that meet with judicial and economic efficiency for all.  One exception may be if both parties agree to submit testimony via written declaration.  If the other party waives its right to cross-examination or consents to conducting cross-examination by written interrogatories, the Court will generally permit the admission of testimony by written declaration.  See 28 U.S.C. § 2246.  Further, under certain circumstances the Court may allow testimony to be introduced from a pre-hearing deposition.

Accordingly, it is HEREBY ORDERED that an interim telephonic case management

conference is set for March 17, 2015, at 2:00 p.m., in Courtroom 9 before the undersigned.  The attorneys are directed to contact the Court's Courtroom Deputy Clerk, Ms. Mamie Hernandez, to obtain the teleconference code.

IT IS SO ORDERED.

Dated: __**February 24, 2015**__

UNITED STATES MAGISTRATE JUDGE

5