1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9               EASTERN DISTRICT OF CALIFORNIA

10

11  | JOHN LEE HOLT,                          | Case No.  1:97-cv-06210-AWI-SAB

12  |                 Petitioner,             | DEATH PENALTY CASE

13  |        v.                               | ORDER UPON STIPULATION REGARDING PETITIONERS MEDICAL AND PYSCHIATRIC RECORDS

14  | KEVIN CHAPPELL, Warden Of San Quentin State Prison, |

15  |                 Respondent.             |

16

17

18        Before the Court is the stipulation of Petitioner's counsel, Robert M. Myers and Assistant

19  Federal Defender Jennifer Mann, and Respondent's counsel, Deputy Attorneys General Sean M.

20  McCoy and Peter W. Thompson, to an order directing Respondent Warden of San Quentin State

21  Prison to provide copies of Petitioner's medical and psychiatric records, dated March 1, 2014 to

22  the present, to Petitioner's counsel, who shall then provide copies to Respondent's counsel

23  subject to in camera review of any documents withheld pursuant to privilege log.

24        A district court has discretion to grant and limit discovery under the Federal Rules of

25  Civil Procedure in federal habeas corpus proceedings.  Rule 6 of the Rules Governing 28 U.S.C.

26  § 2254 Cases; Bracy v. Gramley, 520 U.S. 899, 903-05 (1997); Rich v. Calderon, 187 F.3d 1064,

27  1068 (9th Cir. 1999) (discovery by habeas petitioner is available in the court's discretion for

28

good cause shown).  This includes discretion to order the department of corrections to turn over medical records to counsel.  See Horne v. Tennis, 2014 WL 6656233, at *3 n.2 (E.D. Pa. November 24, 2014).

Counsel may be entitled to access prison health records of a habeas petitioner. Petitioner's appointed counsel are directed to represent him in every stage of the judicial proceeding, 18 U.S.C. § 3599(e), without regard to petitioner's competence to authorize counsel's decisions.  Ryan v. Gonzales, 133 S.Ct. 696, 702 (2013).  Proceedings are not stayed when habeas petitioners are found incompetent.  Id.  "Attorneys are quite capable of reviewing the state-court record, identifying legal errors, and marshaling relevant arguments, even without their clients' assistance."  Id., at 705.

California's prison regulations and procedures are in accord.  Petitioner's counsel, and counsel for the attorney general may access prison health and psychiatric records.  See Cal. Code Regs. tit. 15 § 3370; California Department of Corrections and Rehabilitation Adult Institutions, Programs, and Parole – Operations Manual (Revised January 1, 2015), §§ 91070.8.1, 91070.8.3, 91070.8.5, 91070.8.8.  Especially so here, as competency claims are included in the petition and the evidentiary hearing set for March 14, 2016.  Review of Petitioner's medical and psychiatric records, limited to counsel in this action and their designated representatives, could reasonably assist at the evidentiary hearing and related settlement discussions.

Accordingly, for good cause shown, it is HEREBY ORDERED that:

1.  Respondent Warden is directed to provide to Petitioner's counsel, Assistant Federal Defender Jennifer Mann, within 45 days of the filed date of this order, copies of medical and psychiatric records dated March 1, 2014 to the present for Petitioner, John Lee Holt, CDC # E-58200.

2.  Petitioner's counsel, Ms. Mann, within 30 days of receipt of the records, is directed to provide Respondent's counsel with copies thereof, provided that if there are any records that Petitioner's counsel withholds, Petitioner's counsel will submit copies of those records to the Court under seal with a privilege log, a copy of which Petitioner's counsel also will provide to Respondent's counsel.

3.      The records covered by this order shall be provided only to counsel for the parties and their designated representatives and solely for purposes incident to this proceeding. Not later than 30 days following the conclusion of this action, all copies of records provided hereunder shall be returned to the Warden, or their destruction certified in a writing served on the Warden, unless otherwise ordered by the Court.

IT IS SO ORDERED.

Dated:    **March 24, 2015**

UNITED STATES MAGISTRATE JUDGE

3