# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE HOLT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KEVIN CHAPPELL, Warden of San Quentin State Prison,<br><br>　　　　　Respondent. | Case No. 1:97-cv-06210-DAD-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING UNOPPOSED REQUEST FOR PROTECTIVE ORDER<br><br>(ECF No. 252) |

Before the Court is Respondent's December 14, 2015 stipulated request for a protective order relating to materials from training sessions at which Respondent's expert, Dr. Marvin Firestone, presented or participated (hereinafter collectively the "Confidential Materials"). The Confidential Materials are to be produced to Petitioner pursuant to discovery order. (See ECF No. 248 at 2:10-14.)

## I.

## DISCUSSION

The parties represent the Confidential Materials are training materials that are proprietary in the Western Institute of Legal Medicine, a non-profit organization of Dr. Firestone and Dr. Dan Tennenhouse, both of whom present the Confidential Materials at professional training sessions offered by the Western Institute of Legal Medicine. The parties further represent that

1

1  Dr. Firestone has agreed to the terms and condition of the protective order, *post*.

2        In the Ninth Circuit, there is a strong presumption in favor of access to public records.

3  Upek, Inc. v. Authentec, Inc., No. C 1000424JFPVT, 2010 WL 1980189, at *2 (N.D. Cal. May

4  17, 2010) (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.

5  2006); Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).

6  However, this common law right of access is not absolute and can be overridden if there are

7  compelling reasons for doing so. (Id.) (citing Foltz, 331 F.3d at 1135).

8        In this regard

> Rule 26(c)(G) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [*inter alia*] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(G). In the order, however, the court must "identify and discuss the factors it considered in its 'good cause' examination to allow appellate review of the exercise of its discretion." *Foltz* [331 F.3d at 1130.] "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result i[f] no protective order is granted." *Id.*

Upek, Inc., 2010 WL 1980189, at *3. Federal Rule of Civil Procedure 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Kelley v. Euromarkiet Designs, Inc., No. CIVS070232RRBEFB, 2008 WL 223718, at *1 (E.D. Cal. Jan. 28, 2008) (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)).

      The Court finds that Respondent's stipulated request for a protective order is supported by Rule 26 "good cause" and shall be granted as provided below. See Local Rule 141.1(b)(1). In the Ninth Circuit

> In the case of trade secrets, the moving party must show (1) that the information is a "trade secret or other confidential research, development, or commercial information," under Rule 26(c)[(G); and (2) that its disclosure would be harmful to the party's interest in the property. *See Centurion Indus., Inc. v. Warren Steurer & Assoc.,* 665 F.2d 323, 325 (10th Cir. 1981) (holding that there is no absolute privilege for trade secrets and similar confidential information); *see also Foltz* [331 F.3d at 1131] (the party requesting a protective order has the burden to demonstrate that (1) the material in question is a trade secret or other confidential information and that (2) disclosure would cause an identifiable, significant harm).

Kelley, 2008 WL 223718, at *2.

The Confidential Materials appear to be proprietary in the Western Institute of Legal Medicine. (See ECF No. 252 at 3:6-12.) The Court takes notice that the Western Institute of Legal Medicine offers fee based training sessions by its presenters, Drs. Firestone and Tennenhouse that the include the Confidential Materials. Western Institute of Legal Medicine, http://www.wilm-ed.org (last visited Dec. 16, 2015). These factors reasonably suggest the possibility of commercial harm from unprotected disclosure of the Confidential Materials.

## II.

## ORDER

Accordingly, it is hereby ORDERED that Respondent's December 14, 2015 request for a stipulated protective order relating to the Confidential Materials (ECF No. 252) is GRANTED such that:

1. The following Confidential Materials from courses presented by the Western Institute of Legal Medicine that are to be provided by Dr. Firestone to Petitioner's counsel are the intellectual property of the Western Institute of Legal Medicine, and shall be deemed to be confidential:

   A. Prescribing Practices and Management of Chronic Pain and Substance Use Disorder Supplementary Pre-Course booklet - 24 pages;

   B. Prescribing Practices and Management of Chronic Pain and Substance Use Disorder Handout - 82 pages;

   C. Record Keeping Supplementary Pre-Course booklet - 25 pages;

   D. Record Keeping Course Handout - 85 pages;

   E. Practical Medical Ethics and Professionalism: and Medical-Legal Implications of Ethics for Practicing Physicians Supplementary Pre-Course booklet - 68 pages;

   F. Practical Medical Ethics and Professionalism: and Medical-Legal Implications of Ethics for Practicing Physicians Handout - 86 pages.

2. The above listed Confidential Materials shall only be used by Petitioner's counsel, or any expert witness retained by Petitioner's counsel, in this federal habeas proceeding and only for purposes of examining Dr. Marvin Firestone. If Petitioner's counsel provides the Confidential Materials to any expert as authorized above, Petitioner's counsel shall inform that expert of this protective order and the expert's obligation to comply with it. Disclosure of the contents of the Confidential Materials and the Confidential Materials themselves may not be made to any other persons or agencies.

3. Upon termination of this federal habeas proceeding, or upon a determination that the Confidential Materials are not relevant, Petitioner's counsel shall return those Materials to Dr. Firestone or certify to Respondent's counsel and Dr. Firestone that they have been destroyed.

IT IS SO ORDERED.

Dated:   **December 16, 2015**

UNITED STATES MAGISTRATE JUDGE