ROBERT M. MYERS, State Bar #66957
Newman.Aaronson.Vanaman
14001 Ventura Boulevard
Sherman Oaks, California 91423
Telephone:  (818) 990-7722
Facsimile:  (818) 501-1306
Email:  rmmyers@ix.netcom.com

HEATHER E. WILLIAMS, State Bar #122664
Federal Defender
JENNIFER MANN, State Bar #215737
Assistant Federal Defender
801 I Street, Third Floor
Sacramento, CA 95814
Telephone:  (916) 498-6666
Facsimile:  (916) 498-6656
Email:  Jennifer_mann@fd.org

Attorneys for Petitioner
JOHN LEE HOLT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE HOLT,<br><br>   Petitioner,<br><br>v.<br><br>KEVIN CHAPPELL,<br> Warden of San Quentin State Prison,<br><br>   Respondent. | Case No. 1:97-cv-06210-DAD-SAB<br><br>DEATH PENALTY CASE<br><br>PETITIONER'S STATUS REPORT |

PETITIONER, JOHN LEE HOLT, by and through his undersigned counsel, in accordance with this Court's December 8, 2015 order (Doc. 248), files this status report.

I.   Introduction

After Petitioner's counsel notified the Court that Petitioner's designated expert witness, William D. Pierce, had died, this Court directed Petitioner's counsel to file a status

report regarding Mr. Holt's counsel's efforts to retain a new expert; expected dates when the new expert would be available to provide an opinion and a report; and any recommended changes to the current schedule. Order at 2 (Doc. 241). Petitioner's counsel filed the status report on November 23, 2015 (Doc. 243). The Court issued an order on December 8, 2015, directing Petitioner's counsel to file a further status report on January 8, 2016 (Doc. 248). This report is timely filed.

## II.  Discovery

The Court ordered the parties to complete all Rule 26 discovery by December 14, 2015. Order at 2. Petitioner's counsel provided the Rule 26(a)(1) disclosures to the Court and Respondent on December 14, 2015 (Doc. 251). Respondent filed Rule 26(a)(1) disclosures on December 15, 2015 (Doc. 253). On December 10, December 14 and December 17, Respondent provided Petitioner's counsel with the discovery that Judge Ishii had ordered on July 10, 2006 (Doc. 138).

## III.  Petitioner's Efforts to Retain Expert

Petitioner's counsel have vetted two experts, but determined that neither would meet their needs. Petitioner's counsel have reached out to other attorneys with expertise in this area to request recommendations.

As explained in Petitioner's November 23, 2015 status report (Doc. 243), undersigned counsel Mann has had primary responsibility for identifying a new expert. The effort has been hindered by the exigencies of this case: 1) the trial was in 1991; 2) the trial experts are unavailable and cannot be interviewed; 3) all attempts by the undersigned to visit Mr. Holt since 2005 have been unsuccessful; 4) there is little to no possibility that a new expert will be able to examine and evaluate Mr. Holt because the negative symptoms of his

schizophrenia have interfered with his rational understanding of his need to leave his cell to consult with his lawyers and meet with their expert; 5) the volume of documents that a new expert will need to review is enormous, encompassing thousands of pages of trial testimony, law enforcement reports, evaluations and other records from the various out-of-home placements Mr. Holt experienced as a child, and medical records.

IV. Expected dates when new expert could provide opinion and report

Because of the exigencies listed in Section II, counsel are unable to make an accurate prediction.

V. Recommended changes to the current schedule

For the reasons listed above, and the reasons cited in the Declaration of Jennifer Mann (Doc. 243-1) and the Declaration of Robert M. Myers, submitted to the Court with a Request to Seal, a modification of the schedule will be necessary. Counsel Mann must file the state and federal petitions for the petitioner in *Whalen v. Warden*, No. 1:14-cv-01865-LJO-SAB by February 2, 2016. This month will be devoted to *Whalen*.

Because we have not yet retained an expert or expert(s), any adjustments to the schedule would be speculative. However, in order to comply with the Court's December 8 order, we suggest the following modifications to the schedule set forth in the June 19, 2015 order (Doc. 233):

| | |
|---|---|
| Petitioner files status report re: search for new expert(s): | February 29, 2016 |
| Telephonic status conference re: expert and schedule: | March 11, 2016 |
| Petitioner files Rule 26(a)(2) designation for new expert: | August 1, 2016 |
| Parties may file discovery motion, if any in response to expert disclosures and Rule 26(a)(1)(A) disclosures: | September 9, 2016 |

| | |
|---|---|
| Motion to exclude opposing party's proffered expert, if any | October 7, 2016 |
| Parties shall disclose rebuttal expert Rule 26 reports | December 21, 2016 |
| Motion to exclude opposing party's rebuttal expert(s), if any | January 20, 2017 |
| Opposition to exclude opposing party's rebuttal expert(s), if any | January 30, 2017 |

If the Court deems a hearing necessary the matter)s) shall be set for telephonic hearing seven days thereafter or on the next available date on the Court's calendar.

| | |
|---|---|
| Parties shall complete all discovery, including motions to compel discovery | March 31, 2017 |

Either party may file supplemental motions for discovery within 30 days of the Rule 26 disclosures or the completion of expert depositions.

Opposition to such motions shall be filed 10 days thereafter.

If the Court deems a hearing necessary the matter(s) shall be set for telephonic hearing seven days thereafter or on the next available date on the Court's calendar.

Within five days of the Court's ruling, any motion for discovery, any additional discovery ordered by the Court shall be produced.

| | |
|---|---|
| Parties shall meet and confer and file with the Court and serve final witness and exhibit lists pursuant to Rule 26 and pre-marked exhibits. | May 1, 2017 |
| Parties shall file copies of any listed exhibits not previously filed in this matter and exchange their proposed exhibits to the extent they have not already done so. | May 1, 2017 |

The parties shall meet and confer to determine (1) whether the testimony of certain witnesses, if any, can be introduced via written declaration with either a waiver of cross-examination or consent to conduct cross-examination by written interrogatories or by production of the witness by the proffering party in court,

| | |
|---|---|
| and (ii) whether they can stipulate to any undisputed facts or legal evidentiary issues. | May 24, 2017 |
| The parties shall simultaneously file trial briefs, the form and content of which shall comply with E.D. Local Rule 285, and shall include in limine motions, if any, which the Court shall take up at the outset of the evidentiary hearing, as well as proposed findings of fact and conclusions of law. | July 7, 2017 |
| Evidentiary hearing to begin | July 31, 2017 |
| Parties shall simultaneously file closing briefs. | October 31, 2017 |
| Parties shall simultaneously file any rebuttal briefs. | December 1, 2017 |

Dated: January 8, 2016

Respectfully submitted,

ROBERT M. MYERS

HEATHER E. WILLIAMS
Federal Defender

/s/ Jennifer Mann
Jennifer Mann
Assistant Federal Defender

Counsel for Petitioner
JOHN LEE HOLT