1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT
8                           EASTERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| JOHN LEE HOLT, | Case No. 1:97-cv-06210-DAD-SAB |
|         Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | ORDER GRANTING PETITIONER'S REQUEST FOR SEALING ORDER |
| RON DAVIS, Warden of San Quentin State Prison, | (Doc. No. 281) |
|         Respondent. | |

Before the court is petitioner's August 29, 2017 notice of request to file under seal exhibits 44-77. The exhibits total five hundred forty-seven (547) pages. Petitioner states that these documents, obtained from his trial counsel's file and deposition, are confidential pursuant to the court's July 10, 2006 stipulated protective order.[1] (Doc. No. 138). He states that exhibits 75 and 76 are also confidential under California Penal Code sections 987.2 and 987.9(a).

Petitioner has served respondent with the above notice of request to seal, proposed order, and exhibits 44-77 proposed for sealing.

Respondent has not opposed petitioner's sealing request and the time for doing so has passed. Local Rule 141(c).

---

[1] *See Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (*en banc*).

1

Accordingly, for good cause shown, petitioner's request for a sealing order (Doc. No. 281) is granted as follows:

1. The Clerk of the Court is directed to lodge under seal (1) petitioner's request to seal documents, totaling four (4) pages, (2) petitioner's proposed order granting his sealing request, totaling two (2) pages, and (3) petitioner's exhibits 44-77, totaling five hundred forty-seven (547) pages,

2. The foregoing documents and the information therein constitute confidential information which shall not be disclosed, in whole or part, to any person other than the court and court staff and individually named counsel for the parties for their use solely in connection with litigation of the habeas petition pending before this court,

3. No publicly filed document shall include the above documents and/or the information therein unless authorized by the court to be filed under seal, and

4. All provisions of this order shall continue to be binding after the conclusion of this habeas corpus proceeding and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment.

IT IS SO ORDERED.

Dated: **September 5, 2017**

UNITED STATES DISTRICT JUDGE