UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE HOLT,<br><br>    Petitioner,<br>v.<br><br>RON DAVIS, Warden Of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:97-cv-06210-DAD-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER UPON STIPULATION REGARDING EVIDENTIARY HEARING<br><br>(Doc. No. 276) |

    Before the court is the stipulation of petitioner's counsel, Robert M. Myers and Assistant Federal Defender Jennifer Mann, and respondent's counsel, Deputy Attorneys General Sean M. McCoy and Peter W. Thompson, filed August 28, 2017, to an order regarding presentation of evidence and expansion of the record at the evidentiary hearing scheduled for October 24, 2017.

    The court finds good cause to grant the stipulated request. "On application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit…." 28 U.S.C. § 2246; *Phillips v. Smith*, 300 F. Supp. 130, 134 (S.D. Ga. 1969) (use of affidavits in habeas corpus applications is within the sound discretion of the district judge). "[D]ocumentary evidence, transcripts of proceedings upon arraignment, plea and sentence and a transcript of the oral testimony introduced on any previous similar application [for writ of habeas corpus] by or in behalf of the same petitioner, shall be admissible in evidence." (28 U.S.C. § 2247.) The court "may direct the parties to expand the record by submitting additional materials

1

relating to the petition." Rules Governing § 2254 Cases in the United States District Courts, Rule 7.

Accordingly, the parties having stipulated for purposes of the previously ordered evidentiary hearing:

1. The report of petitioner's expert, Dr. Pablo Stewart, (Doc. No. 266) will be his direct testimony. Respondent may cross-examine Dr. Stewart at the evidentiary hearing. After cross-examination, petitioner may redirect, followed by further cross-examination by respondent, if desired. The record is expanded with Dr. Stewart's report.

2. The report of respondent's expert, Dr. Marvin Firestone (Doc. Nos. 237, 272) will be his direct testimony. Petitioner may cross-examine Dr. Firestone at the evidentiary hearing. Respondent may redirect, followed by further cross-examination by petitioner, if desired.

3. The footnote on page 7 of Dr. Firestone's report, which respondent filed on October 1, 2015 (Doc. No. 237), shall not constitute part of his direct testimony. With this limitation, the record is expanded with Dr. Firestone's report.

4. The reporter's transcripts and the clerk's transcripts from *People v. John Lee Holt*, Kern County Superior Court Case No. 39910, are deemed part of the record for the evidentiary hearing.

5. Petitioner's expert, Dr. John Marraccini, will not testify. His declaration (Exhibit 3 to petitioner's first state habeas corpus petition, No. S057078) and his Rule 26 report (Doc. 236-1) will constitute his sole testimony. The record is expanded with Dr. Marraccini's report.

6. The record is expanded with the transcript of respondent's deposition of Charles Soria, taken October 5, 2007. The deposition is not submitted as a substitute for direct examination testimony from either party. Expansion to include the deposition does not obligate or preclude respondent from calling Mr. Soria, nor does it waive respondent's right to cross-examine Mr. Soria should petitioner call

| | |
|---|---|
| 1 | him to testify. |
| 2 | 7. The parties need not redact petitioner's date of birth and Social Security number from any exhibit that is filed or lodged for the evidentiary hearing as these identifiers were previously filed as part of the state habeas corpus proceedings (California Supreme Court Case No. S057078). |
| 6 | 8. The prosecution provided the note that is reproduced as Exhibit 136 to petitioner's first state habeas corpus petition (No. S057078) to petitioner's trial counsel as part of supplemental discovery in early September 1989. |

IT IS SO ORDERED.

Dated: **September 5, 2017**

_____
UNITED STATES DISTRICT JUDGE